Mary E. Rice, Respondent, v. Andrew McWilliams and Others, Appellants.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

Elsie Roneker, Respondent, v. Anna Roneker, Appellant.— Motion for a reargument denied, with ten dollars costs; motion for leave to appeal to the Court of Appeals denied. Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

The People of the State of New York ex rel. Jack Russo, Appellant, v. Henry T. Copenhagen, Chief of Police, Rochester, N. Y., and James S. Malley, Sheriff of Monroe County, State of New York, Respondents.— Motion for a reargument denied; motion for leave to appeal to the Court of Appeals denied. Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

## (March 23, 1938.)

The People of the State of New York ex rel. Anthony Coppola, Appellant, v. Joseph H. Brophy, Warden of Auburn State Prison, Auburn, N. Y.— Order affirmed, without costs. Memorandum: After the relator had been released on parole from Elmira Reformatory, where he was serving a sentence upon his conviction for robbery, second degree, he committed the felony of grand larceny, second degree, and after trial and conviction was sentenced on February 15, 1932, to five years' imprisonment in Auburn State Prison. On November 29, 1931, relator had been declared delinquent by the Board of Parole and a warrant for his retaking was issued by a member of that Board; instead of being returned to Elmira Reformatory, he was taken to Auburn State Prison on February 18, 1932. Ten days thereafter the Commissioner of Correction, under the provisions of section 293 of the Correction Law, issued an order directing the transfer of the relator to Auburn State Prison. It appears in a note to this order that the relator, when released on parole from Elmira, still lacked service of thirteen years, five months and one day on the maximum of his original sentence. While we may assume that the remainder of his original sentence should have been served in Elmira Reformatory, at least until he was legally transferred to a State prison (Correction Law, § 283; Penal Law, § 2190), it appears that the Commissioner of Correction did so transfer him and we are of the opinion that the fact, that he was not physically in Elmira Reformatory at the time this order was issued, does not affect its validity. The order, on its face, was valid and we find no ground for the relator's contention that his imprisonment in the State prison was invalid because he was not physically in Elmira Reformatory at the time of his transfer. All concur. (The order dismisses a writ of habeas corpus and remands relator to custody.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.