In the Matter of CLIFFORD R. CANFIELD, Respondent, against VERNON A. MORHOUS, as Warden, Great Meadow Prison, et al., Appellants.

Third Department, November 11, 1942.

102

*John J. Bennett, Jr., Attorney-General (Everett D. Mereness and Bernard L. Alderman of counsel), for appellants.*

*Clifford R. Canfield, respondent, in person.*

FOSTER, J.  The appellants, constituting the Prison Board of Great Meadow Prison, appeal from an order which, among other things, directs them to meet and make a report of reduction in time to be served by respondent as an inmate of Great Meadow Prison for good conduct and efficient performance of duties.

Respondent's petition is contradicted in many particulars, and so are many of the allegations in appellants' answer.  No testimony was taken, but these facts appear to be undisputed. On May 3, 1935, respondent was convicted in the Albany County Court of juvenile delinquency for the commission of burglary in the third degree.  He was then sixteen years of age, and was sentenced for an indefinite period to the State Vocational Institution at Coxsackie, N. Y., where he remained until September 2, 1936, when he was paroled.  At the time of his conviction the maximum punishment for burglary in the third degree was imprisonment for ten years.

It is alleged in the answer to the petition, but denied by respondent, that he was declared a delinquent or parole violator on November 1, 1936, and then owed eight years, three months and twenty-five days on his indefinite sentence to the Vocational Institution.  There is no proof of this allegation in the record except the order of transfer by the Commissioner of Correction.

On March 2, 1937, he was again convicted of a felony in the Albany County Court, that of attempted burglary, third degree, as a second offender, and sentenced to Clinton State Prison for a period of not less than five or more than ten years.  After he was taken to Clinton Prison, and on February 7, 1938, nearly a year later, the Commissioner of Correction made an order directing his transfer from Coxsackie to Clinton Prison, although he was then confined in the latter place, and attached to this order was a statement to the effect that respondent was a parole violator and owed eight years, five months and twenty-five days delinquent time.  On March 12, 1940, the Parole Board allowed respondent to commence the service of his second sentence and he entered into an agreement with the Parole Board to that effect.  The Board's order is not in the record but there seems to be no dispute over the fact that it so acted.  In effect then respondent was charged with and compelled to serve a little over three years of his Coxsackie sentence in Clinton Prison.

Respondent's chief argument is that the Parole Board had no jurisdiction over him in so far as the sentence to Coxsackie was

concerned, and that with relation to such sentence he was solely under the jurisdiction of the Superintendent of that institution. Under section 338 of article 13-A of the Correction Law (Cons. Laws, ch. 43), the Commissioner of Correction is empowered to adopt such rules and regulations as he may deem necessary, not inconsistent with the law, to provide for the parole and discharge of persons legally committed to a vocational institution. This provision has been in the statute (formerly L. 1932, ch. 528, § 339) ever since a vocational institution was created. The power thus given to the Commissioner is very broad, and we see no reason why he may not use the agency of the Parole Board to regulate the parole and discharge of prisoners from Coxsackie. We must assume that he has done so in dealing with appellant, and has acted within the broad statutory scope of his powers and duties. We must also assume that the Commissioner had sufficient reason to direct a transfer from Coxsackie to Clinton Prison since respondent had been convicted of a second felony. The fact that he was not physically at Coxsackie at the time the order of transfer was made does not affect its validity. (*People ex rel. Coppola* v. *Brophy,* 254 App. Div. 641; affd., 280 N. Y. 778.)

The order should be reversed and the petition dismissed without costs.

CRAPSER, BLISS and SCHENCK, JJ., concur; HILL, P. J., concurs in the result.

Order reversed on the law and facts and petition dismissed without costs.